UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL WHITE PLUME, Sr.,<br><br>Defendant. | 5:23-CR-50025-KES<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL |

Defendant, Gabriel White Plume, Sr., filed a Rule 29 motion for judgment of acquittal and, in the alternative, a Rule 33 motion for a new trial after a jury found him not guilty of one count of Aggravated Sexual Abuse by Use of Force and guilty of Aggravated Sexual Abuse by Use of Force, Assault Resulting in Substantial Bodily Injury, Assault By Strangulation or Suffocation, Distribution of Methamphetamine to a Person Under Age 21, Tampering with a Witness, Sexual Abuse, and two counts of Assault Resulting in Serious Bodily Injury. *See* Dockets 93, 87. The United States opposes these motions. Docket 94.

**Background**

White Plume was indicted on February 28, 2023, and charged with five counts: Aggravated Sexual Abuse, Assault Resulting in Serious Bodily Injury, Assault by Strangulation and Suffocation of a Dating Partner, and Distribution of a Controlled Substance to an Individual Under 21 Years of Age. Docket 1. On April 20, 2023, the government filed a Superseding indictment which added

1

one count of Tampering with a Witness. Docket 23. At the pretrial conference, held on May 1, 2023, before Judge Jeffery Viken, defense counsel indicated that video evidence may be available. Docket 54 at 37. After obtaining the video for the first time, the government filed a Second Superseding Indictment on May 18, 2023. *See* Docket 94 at 2.

The counts listed in the Second Superseding Indictment were presented to the jury as follows: Count 1, Aggravated Sexual Abuse by Use of Force; Count 2, Aggravated Sexual Abuse by Use of Force; Count 3, Assault Resulting in Serious Bodily Injury; Count 4, Assault By Strangulation or Suffocation; Count 5, Distribution of a Controlled Substance to a Person Under Age 21; Count 6, Tampering with a Witness, Count 7, Assault Resulting in Substantial Bodily Injury; Count 8, Assault Resulting in Serious Bodily Injury; and Count 9, Sexual Abuse. Docket 63. White Plume's jury trial began on July 24, 2023 (Docket 81) and at the trial's conclusion, the jury found White Plume not guilty of Count 1 and guilty of Counts 2-9 (Docket 87).

White Plume now moves for a judgment of acquittal and for a new trial. Docket 93. White Plume argues that "there was insufficient evidence presented at trial to sustain" any of the convictions, but more specifically, White Plume argues that the evidence was insufficient "as to the elements of the charge of Tampering with a Witness in Count VI and Assault Resulting in Substantial Bodily Injury in Count VII." *Id.* at 2. The government maintains that the evidence was sufficient for a reasonable jury to find the defendant guilty as to Counts 2-9. *See* Docket 94.

**Discussion**

As an initial matter, White Plume bears the burden of showing that he is entitled a judgment of acquittal under Rule 29 or a new trial under Rule 33. *See, e.g., United States v. Cathey*, 2020 WL 419468, at *5 (D.S.D. Jan. 27, 2020), *aff'd,* 997 F.3d 827 (8th Cir. 2021) (noting that because "[d]efendants did not show that the weight is so against the verdict that 'a miscarriage of justice will occur' if a new trial is not ordered. . . 'the jury's verdict must be allowed to stand[.]"); *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) ("The defendant bears the burden of proving that he is entitled to a new trial under Rule 33[.]"); *United States v. John-Baptiste*, 747 F.3d 186, 201 (3d Cir. 2014) (noting that the defendant bears a "heavy burden" in making a Rule 29 motion based on the sufficiency of evidence).

Courts have found that a defendant's blanket proclamation that the evidence presented at trial is insufficient to support a conviction does not satisfy the defendant's burden on a Rule 29 motion for judgment of acquittal or a Rule 33 motion for new trial. *See, e.g., United States v. Thompkins*, 2007 WL 1161234, at *2 (S.D.N.Y. Apr. 18, 2007) (judgment of acquittal); *United States v. Fechete*, 2008 WL 4200286, at *1–2 (N.D. Ill. Sept. 10, 2008) (judgment of acquittal and new trial). In *United States v. Fechete*, the court determined that a defendant who had merely listed eighteen numbered grounds as to why the court should grant a judgment of acquittal or a new trial, with no explanation or citation to the record or legal authority, had failed to meet the "very high burden" required by Rules 29 and 33. *Fechete*, 2008 WL 4200286, at *1–2.

3

Further, the court in *Fechete* explained that "[t]he court is not 'required to research and construct the legal arguments open to the parties, especially when they are represented by counsel.' " *Id.,* at *1 (quoting *Beard v. Whitley County REMC,* 840 F.2d 405, 408-09 (7th Cir.1988)). *C.f. United States v. Marshall,* 891 F.3d 716, 720 (8th Cir. 2018) ("[W]e regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities.") (quotation omitted)).

Here, White Plume's motion for judgment of acquittal, and impliedly, a new trial, states that the government failed to meet its evidentiary burden as to all of the charged counts. *See* Docket 93 at 1-2. In making that assertion, White Plume specifically addresses the evidence relating to Counts 6 and 7. *See id.* at 2. As to Counts 2-5 and 8-9, however, White Plume offers no argument, reference to the evidence presented at trial, or citations to the record or legal authority—only a perfunctory statement that the evidence was insufficient. *See id.*

Thus, the court finds that White Plume has failed to meet his burden under Rule 29 for a judgment of acquittal and Rule 33 for a new trial as to Counts 2-5 and 8-9. *See Thompkins,* 2007 WL 1161234, at *2; *Fechete*, 2008 WL 4200286, at *1–2. The court now turns to White Plume's specific arguments regarding Counts 6 and 7.

I.     **Rule 33, Motion for a New Trial**

White Plume moves for a new trial in the opening paragraph of his motion entitled "Defendant's Motion for Judgment of Acquittal Pursuant to

4

Federal Rule of Criminal Procedure 29." Docket 93 at 1. White Plume makes no other mention of this motion, nor does he state the basis on which he is entitled to a new trial. *See generally id.* The court, however, construes White Plume's motion as a motion for new trial based on insufficiency of the evidence, because that is the basis White Plume argues for a Rule 29 Judgment of Acquittal. *Id.*

Federal Rule of Criminal Procedure 33 allows defendants to move the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A "district court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29[.]" *See United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980). But "[w]hen a defendant moves for a new trial arguing the verdict is contrary to the weight of the evidence, the district court should grant the motion only 'if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.' " *United States v. Nambo-Barajas*, 338 F.3d 956, 961–62 (8th Cir. 2003) (quoting *United States v. Lacey,* 219 F.3d 779, 783 (8th Cir. 2000). In making this determination, the court may weigh the evidence and evaluate the credibility of the witnesses. *United States v. Hassan*, 844 F.3d 723, 725-26 (8th Cir. 2016). The Eighth Circuit has instructed that "[t]rial courts should exercise the Rule 33 authority sparingly and with caution[,]" because "[t]he remedy is reserved for exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Knight*, 800 F.3d 491, 504 (8th Cir. 2015) (internal quotations omitted).

### A. Count 6, Tampering with a Witness

The jury found White Plume guilty of Count 6, Tampering with a Witness. Docket 87. This charge "makes it a crime to corruptly 'obstruct [ ], influence[ ], or impede[ ] any official proceeding, or attempt[ ] to do so.' " *United States v. Petruk*, 781 F.3d 438, 444 (8th Cir. 2015) (quoting 18 U.S.C. § 1512(c)(2) (alternations in original)). The jury was instructed that in order to find White Plume guilty, the government must prove beyond a reasonable doubt that White Plume (1) "knowingly used or attempted to use corrupt persuasion" against Long Soldier, (2) "acted with the intent to influence the testimony of Long Soldier[,]" and (3) "acted with the intent to get [] Long Soldier to not testify in connection with a trial of a criminal case against" him. Docket 80 at 19-20.

White Plume argues that "there was no evidence presented at trial [to prove that White Plume] knowingly used or attempted to use corrupt persuasion." Docket 93 at 2. White Plume alleges that the "testimony elicited at trial was that [White Plume] was contacting Ms. Long Soldier for the purpose of having her dismiss the charges that were continued in Count I[.]" Because he was found not guilty of Count 1, White Plume reasons that "there was in fact no basis for the bringing of such charges" and his communications with Long Soldier were motivated only by his desire to have Long Soldier dismiss Count 1 and "correct the misstatements" that Long Soldier had made to law enforcement. *Id.*

White Plume seems to argue that a conviction for Tampering with a Witness cannot be predicated on attempting to get a witness to recant false

6

allegations. The court, however, does not need to reach this issue because the evidence presented at trial indicated that White Plume was attempting to persuade Long Soldier to recant her statements as to *all* of the counts.

Long Soldier testified that on February 28, 2023, White Plume's daughter had contacted her via Facebook message, wanting her to "drop the *charges*." Docket 95 at 37-38 (empaisis added). This testimony was corroborated by government exhibit 102, which depicted Facebook messages from February 28, 2023, between White Plume and his daughter. *See* Ex. 102 at 1-2. In these messages, White Plume asks his daughter to "message [Long Soldier] and tell her to hurry up and get that s*** done man I got court this." *Id.* at 2; *see also* Docket 95 at 37-38. White Plume's daughter responded, "Okay[,]" and several minutes later followed up in saying, "Dad she asked what she needs to get done[.]" *Id.* White Plume responded: "Tell her to message me[.]" *Id.*

Long Soldier testified that White Plume had messaged her via Facebook (Docket 95 at 38), and those messages were presented at trial in government exhibit 103. White Plume messaged Long Soldier and said "please help me please" and "I'm kind of f****** I don't know what I'm going to do[.]" *See* Ex. 103 at 5. Long Soldier testified that she also talked to White Plume on the phone. Docket 95 at 38. She stated that White Plume had asked her to get his mother to send him some checks, told her that he loved her, and that he was sorry. *Id.* With regard to the charges, Long Soldier noted that White Plume wanted her to "[d]rop 'em." *Id.*

7

Based on the court's review of the witnesses and evidence, the court finds that there was sufficient evidence for the jury to find beyond a reasonable doubt that White Plume's actions were directed toward getting Long Soldier to drop all of the charges, not just Count 1. When testifying about this issue, Long Soldier said White Plume and his daughter wanted her to drop the *charges*—not just the *charge* contained in Count 1.

Additionally, White Plume seems to argue that no reasonable jury could find him guilty of Count 6 because only the tribal charges were pending at that time—thus, any witness tampering would be related to those charges, rather than those charged by the United States. Docket 93 at 2. This argument is incorrect.

Contrary to White Plume's argument, the fact that only tribal charges were pending at the time of the communications between White Plume and Long Soldier is not dispositive. The "official proceeding" mentioned in 18 U.S.C. § 1512(c)(2) "need not be pending or about to be instituted at the time of the offense." 18 U.S.C. § 1512(f)(1). Additionally, "no state of mind need be proved with respect to the circumstance [ ] that the official proceeding . . .is before [a federal court]" 18 U.S.C. § 1512(g)(1). Thus, a defendant need only have contemplated a foreseeable proceeding, but the government "need not prove that the defendant was aware that the proceeding was federal in nature." *Petruk*, 781 F.3d at 444 (citing 18 U.S.C. § 1512(g)(1)).

The evidence presented at trial was sufficient for a jury to have found beyond a reasonable doubt that White Plume, when he messaged Long Soldier

individually and instructed his daughter to do so—only one day before he was officially federally indicted—foresaw a potential criminal proceeding. The evidence sufficiently shows that White Plume was aware that *some* proceeding was going to take place because he was in jail and messaged his daughter that "I got court this" (which the jury could reasonably find meant, "I got court *for* this"). Ex 102 at 2. The evidence paints the picture of a man who wanted Long Soldier to drop *all* charges against him.

There is sufficient evidence to find White Plume guilty of Count 6, Tampering with a Witness, beyond a reasonable doubt. Thus, White Plume's motion for a new trial as to Count 6 is denied.

### B. Count 7, Assault Resulting in Substantial Bodily Injury

The jury found White Plume guilty of Count 7, Assault Resulting in Substantial Bodily Injury. Docket 87. White Plume argues that the government did not put on sufficient evidence to show that Long Soldier suffered a "substantial bodily injury." [1] Docket 93 at 3. "[T]he term 'substantial bodily

---

[1] White Plume also argues that because the bruises on Long Soldier's legs were present in the video taken on the morning of January 10, 2023, "the assault complained of could not be the one charged." Docket 93 at 3. The Second Superseding Indictment, however, alleges that the conduct giving rise to Count 7, Assault Resulting in Substantial Bodily Injury, occurred "on or about between January 1, 2023, and January 10, 2023." *See* Docket 63 at 3. But Long Soldier's bruises being present on the morning of January 10, does not eliminate the possibility that the injury causing the bruises took place between January 1, 2023, and January 10, 2023. Moreover, "[t]he use of 'on or about in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified.' " *United States v. Youngman,* 481 F.3d 1015, 1019 (8th Cir. 2007) (quoting *United States v. Duke,* 940 F.2d 1113, 1120 (8th Cir.1991)).

9

injury means bodily injury which involves-- (A) a temporary but substantial disfigurement; or (B) a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty[.]"18 U.S.C. § 113(b)(1). Specifically, White Plume argues that "[t]here was no evidence presented in the trial of a substantial disfigurement or substantial loss or impairment of the function of any bodily member or organ." Docket 93 at 3. The government contends that it provided sufficient evidence of the "substantial disfigurement" through images of substantial bruising on Long Soldier's leg. Docket 94 at 7 (citing Ex. 92-94 and 133).

The court finds the bruises depicted in the government's exhibits are sufficient to be considered "a substantial disfigurement" within the meaning of 18 U.S.C. § 113(b)(1). Long Soldier testified that the bruises were a result of White Plume "beating [her] up" "before the incident" and "then after [the incident,] [White Plume] start[ed] beating [her] up again." Docket 95 at 37. While Long Soldier testified that the bruises eventually faded, § 113 requires only temporary disfigurement, and it is obvious from the images and the video that the large, dark-hued bruises temporarily disfigured Long Soldier's skin. Moreover, the crime of substantial bodily injury is less serious than the crime of serious bodily injury, and the bruises present here would likely be sufficient to establish serious bodily injury. *See* 18 U.S.C. § 113(a)(6)-(7); *United States v. Pego*, 567 F. App'x 323, 328 (6th Cir. 2014) ("Substantial bodily injury"

---

Finally, Long Soldier testified that she got the bruises from White Plume beating her before the incident and again after. Docket 95 at 37.

encompasses a degree of bodily injury that is less severe than "serious bodily injury[.]").

Thus, the court finds that the evidence produced by the government—images and a video showing bruising on Long Soldier's leg—are sufficient for a reasonable jury to find that Long Soldier suffered "substantial disfigurement." As such, the court denies White Plume's Rule 33 motion for a New Trial as to Count 7, Assault Resulting in Substantial Bodily Injury.

## II.     Rule 29, Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure Rule 29 provides that "on the defendant's motion," a court must "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). District courts have "very limited latitude" to enter a judgment of acquittal under Rule 29. *United States v. Hassan*, 844 F.3d 723, 725 (8th Cir. 2016) (citing *United States v. Stacks*, 821 F.3d 1038, 1043 (8th Cir. 2016)). The essential elements of a crime for which a defendant is found guilty may be proven by circumstantial or direct evidence. *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004).

But the court is not at liberty to assess witness credibility or weigh evidence. *Id.* Instead, the court reviews the record in the light most favorable to the government and resolves all evidentiary conflicts accordingly. *United States v. Boesen*, 491 F.3d 852, 856 (8th Cir. 2007). The jury verdict "must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.' " *United*

*States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)).

"The legal standard for Rule 29 motions is more stringent and deferential to the jury than that of a Rule 33 motion." *Cathey*, 2020 WL 419468, at *6. As discussed above, White Plume has not met the standard under Rule 33 to warrant a new trial. As such, White Plume "cannot show [he] meet[s] the higher, more jury-deferential standard of Rule 29." *Id.* Thus, White Plume is not entitled to a judgment of acquittal on Counts 6 and 7.

## Conclusion

The court denies White Plume's Rule 29 Motion for Judgment of Acquittal and Rule 33 Motion for New Trial. The court's review of the evidence and witness testimony shows that there was sufficient evidence for the jury to convict White Plume of Tampering with a Witness and Assault Resulting in Substantial Bodily Injury. Thus, it is

ORDERED that White Plume's motions (Docket 93) for Judgment of Acquittal and New Trial are denied.

DATED this 23th day of October, 2023.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE